# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**578**

**KA 10-02115**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

BRIAN K. BELL, JR., DEFENDANT-APPELLANT.

---

WILLIAMS, HEINL, MOODY & BUSCHMAN, P.C., AUBURN (RYAN JAMES MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered September 16, 2008. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65 [3]). As the People correctly concede, defendant's waiver of the right to appeal is invalid because County Court did not ensure "that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256). Although defendant's contention that the court abused its discretion in failing to adjudicate him a youthful offender is not encompassed by the invalid waiver of the right to appeal, we nevertheless reject that contention. " 'The determination . . . whether to grant . . . youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case' " (*People v Dawson*, 71 AD3d 1490, 1490, *lv denied* 15 NY3d 749). Here, the record reflects that the court considered the relevant facts and circumstances in denying defendant's request for youthful offender status, including the mitigating factors cited by defense counsel at sentencing. Although a contrary ruling would not have been unreasonable, we cannot conclude that the court abused its discretion in denying defendant's request.

Entered: April 27, 2012                    Frances E. Cafarell
                                           Clerk of the Court