# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

946

KA 13-00053

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CASEY BROWNELL, DEFENDANT-APPELLANT.

---

JAMES QUINN AURICCHIO, BUFFALO, FOR DEFENDANT-APPELLANT.

---

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered June 10, 2011. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Wayne County Court for resentencing in accordance with the following Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]), defendant contends that County Court erred in failing to determine whether he was eligible for youthful offender status. We agree. There was no mention of defendants eligibility for youthful offender status during the plea, and defense counsel noted at sentencing that, although defendant was eligible for such status, "we are all aware of what is set out in the Pre-Plea Investigation in that regard, and he understands that [it] is not part of the plea agreement."

"After receipt of a written report of the [preplea or presentence] investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender" (CPL 720.20 [1]). In *People v Rudolph* (___ NY3d ___ [June 27, 2013]), the Court of Appeals held that section 720.20 mandates that, when the sentence is imposed, the sentencing court must determine whether to grant youthful offender status to every defendant who is eligible for it. The Court of Appeals stated that "[t]he judgment of a court as to which young people have a real likelihood of turning their lives around is just too valuable, both to the offender and to the community, to be sacrificed in plea bargaining" (*id.* at ___). Here, although defense counsel's statements unequivocally established that a determination had been made not to afford defendant youthful offender status, it is unclear whether that determination was made by the court, as required by section 720.20, rather than by the prosecutor. Consequently, we modify the judgment by vacating the sentence, and we remit the matter to County Court to determine and to state for the record "whether defendant is a youthful offender"

(*Rudolph*, ___ NY3d at ___).

    We have considered defendant's remaining contentions and conclude that they are without merit.