*746 Appeal by the defendant, as limited by her motion, from a sentence of the County Court, Suffolk County (Hudson, J.), imposed March 7, 2011, on the ground that the sentence was excessive.
Ordered that the sentence is reversed, on the law, and the matter is remitted to the County Court, Suffolk County, for further proceedings consistent herewith.
At the plea proceeding, the defendant agreed to plead guilty to attempted burglary in the second degree in exchange for a sentence of time served and a five-year period of probation, and no additional term of imprisonment. The defendant’s eligibility for youthful offender treatment was not clear at the time of the plea proceeding. The County Court informed the defendant that the People were reserving the right to withdraw their consent to the plea agreement if she was later deemed to be eligible for youthful offender status, in which case the court indicated that it “would withdraw [the defendant’s] plea,” and “reinstate [her] not guilty plea.” The Department of Probation ultimately reported to the court in the presentence investigation report that the defendant was eligible for youthful offender treatment. However, at sentencing, the court stated that there was “an agreement” that the defendant “was not to receive youthful offender treatment,” to which defense counsel, replied: “That is the agreement, yes.” The court thereafter imposed a sentence of a five-year period of probation.
The defendant’s waiver of the right to appeal does not encompass her contention that the County Court erred in failing to consider youthful offender treatment (see People v Rudolph, 21 NY3d 497 [2013]). The County Court imposed sentence without regard to the defendant’s eligibility for youthful offender status based upon its mistaken impression that there was “an agreement” that the defendant “was not to receive youthful offender treatment.” In any event, CPL 720.20 (1) requires “that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea bargain” (People v Rudolph, 21 NY3d 497, 501, [2013]). Accordingly, we vacate the defendant’s sentence and remit the matter to the County Court, Suffolk County, for a determination of whether the defendant is a youthful offender (see id.). Eng, P.J., Skelos, Roman and Cohen, JJ., concur.