■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PACHECO, Appellant. [973 NYS2d 704]—

Appeals by the defendant from two judgments of the Supreme Court, Suffolk County (R. Doyle, J.), both rendered August 25, 2010, convicting him of gang assault in the first degree, conspiracy in the fourth degree, and attempted assault in the second degree as a hate crime (two counts) under indictment No. 3032/08, and attempted assault in the second degree as a hate crime under indictment No. 236/09, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are modified, on the law, by vacating the sentences imposed; as so modified, the judgments are affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

Contrary to the People's contention, the defendant's claim that the Supreme Court failed to consider youthful offender treatment is not precluded by his general waiver of the right to appeal or his failure to properly raise this issue at sentencing (see People v Rudolph, 21 NY3d 497 [2013]). The sentencing court failed to adequately place on the record its reasons for denying the defendant youthful offender status (see People v Rivera, 27 AD3d 491 [2006]; People v Martinez, 301 AD2d 615, 616 [2003]; People v Miles, 244 AD2d 433 [1997]). Therefore, the defendant's sentences must be vacated and the matter remitted to the Supreme Court, Suffolk County, for resentencing after determining whether the defendant should be sentenced as a youthful offender. We express no opinion as to whether the Supreme Court should afford youthful offender status to the defendant.

The defendant's remaining contentions have been rendered academic in light of our determination. Dillon, J.P., Leventhal, Chambers and Miller, JJ., concur.