# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1200

KA 10-01828

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

NATHANIEL FLAGG, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered February 24, 2010. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [2] [b]), defendant contends that County Court erred in failing to rule on his applications to be adjudicated a youthful offender. Defendant, an apparently eligible youth (*see* CPL 720.10 [2]), pleaded guilty pursuant to a plea bargain that included a promised sentence and a waiver of the right to appeal, but there was no mention during the plea proceedings whether he would be afforded youthful offender treatment. At sentencing, defense counsel made several applications for youthful offender treatment but, without expressly ruling on them, the court imposed a sentence that was incompatible with youthful offender treatment.

"Upon conviction of an eligible youth, the court must order a [presentence] investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender" (CPL 720.20 [1]). A sentencing court must determine whether to grant youthful offender treatment with respect to every defendant who is eligible for it because, inter alia, "[t]he judgment of a court as to which young people have a real likelihood of turning their lives around is just too valuable, both to the offender and to the community, to be sacrificed in plea bargaining" (*People v Rudolph*, 21 NY3d 497, 501). "[W]e cannot deem the court's failure to rule on the . . . [applications] as . . . denial[s] thereof" (*People v*

*Spratley*, 96 AD3d 1420, 1421, *following remittal* 103 AD3d 1211, *lv denied* 21 NY3d 1020; *see People v Ingram*, 18 NY3d 948, 949; *People v Chattley*, 89 AD3d 1557, 1558).  Furthermore, even if the court had denied the applications, there is no information in this record from which we could ascertain whether the court properly did so in the exercise of its discretion, or whether it improperly acceded to the prosecutor's plea conditions.  We therefore hold the case and remit the matter to County Court to make and state for the record "a determination of whether defendant is a youthful offender" (*Rudolph*, 21 NY3d at 503).

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court