Defendant negotiated a plea bargain under which the maximum sentence he would receive was 10 years plus five years’ postrelease supervision. At sentencing, the court indicated that it had considered all information submitted to it. This included a presentence report that recommended that defendant be sentenced as promised, even though he was eligible for youthful offender treatment (CPL 720.10).
During the pendency of this appeal, the Court of Appeals determined that CPL 720.20 (1) requires “that there be a youthful offender determination in every case where the defendant is *454 eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain” (People v Rudolph, 21 NY3d 497, 501 [2013]). Although it is clear that the court did not believe that defendant was entitled to youthful offender treatment, it did not make an explicit determination on the record when it sentenced defendant to concurrent eight-year terms. Because defendant is entitled under Rudolph to an express determination by the court as to whether youthful offender treatment should he granted, his sentence must be vacated (id.; see People v Tyler, 110 AD3d 745 [2d Dept 2013]). Since we are ordering a new sentencing proceeding, we find it unnecessary to address defendant’s other arguments. Concur — Sweeny, J.P., Renwick, Andrias, Freedman and Feinman, JJ.