# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1199

KA 12-01588

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

PATRICK D. POTTER, DEFENDANT-APPELLANT.

---

WAGNER & HART, LLP, OLEAN (JANINE FODOR OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered August 6, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted sexual abuse in the first degree (two counts).

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Cattaraugus County Court for further proceedings in accordance with the following Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [3]), defendant contends that County Court erred in failing to rule on his applications to be adjudicated a youthful offender. Defendant, an eligible youth, pleaded guilty pursuant to a plea bargain that included a promised sentence and a waiver of the right to appeal. There was no mention during the plea proceedings whether he would be afforded youthful offender treatment. At sentencing, defense counsel made several applications for defendant to be treated as a youthful offender, but the court did not expressly rule on them; instead, the court imposed a sentence that was incompatible with youthful offender treatment.

"Upon conviction of an eligible youth, the court must order a [presentence] investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender" (CPL 720.20 [1]). A sentencing court must determine whether to grant youthful offender status to every defendant who is eligible for it because, inter alia, "[t]he judgment of a court as to which young people have a real likelihood of turning their lives around is just too valuable, both to the offender and to the community, to be sacrificed in plea bargaining" (*People v Rudolph*, 21 NY3d 497, 501). "[W]e cannot deem the court's failure to rule on the . . . [applications] as . . . denial[s] thereof" (*People v Spratley*,

96 AD3d 1420, 1421, *following remittal* 103 AD3d 1211, *lv denied* 21 NY3d 1020; *see People v Ingram*, 18 NY3d 948, 949; *People v Chattley*, 89 AD3d 1557, 1558).  Furthermore, even if the court had denied the applications, there is no information in the record from which we could ascertain whether the court properly did so in the exercise of its discretion, or whether it improperly acceded to the prosecutor's plea conditions.  We therefore hold the case and remit the matter to County Court to make and state for the record a determination whether defendant should be granted youthful offender status (*see Rudolph*, 21 NY3d at 503).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court