Appeal by the defendant, as limited by his brief, from a *993 sentence of the Supreme Court, Queens County (Chin-Brandt, J.), imposed December 5, 2012, upon his conviction of attempted murder in the second degree, upon his plea of guilty.
Ordered that the sentence is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
CPL 720.20 (1) requires “that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain” (People v Rudolph, 21 NY3d 497, 501 [2013]). Here, as the People correctly concede, the record does not demonstrate that the Supreme Court considered the defendant’s eligibility for youthful offender status (see People v Rivera, 27 AD3d 491 [2006]; People v Martinez, 301 AD2d 615, 616 [2003]). The defendant’s eligibility was not affected by a prior conviction of robbery in the second degree, as eligibility for youthful offender status is met at the time of conviction, not at the time of sentencing (see People v Cecil Z., 57 NY2d 899, 901 [1982]), and, on the date the defendant pleaded guilty to attempted murder in the second degree, he had not been “convicted and sentenced for a felony” so as to disqualify him pursuant to CPL 720.10 (2) (b) (see People v Mosley, 88 AD2d 520 [1982]). The defendant’s claim also is not precluded by his waiver of the right to appeal (see People v Pacheco, 110 AD3d 927 [2013]; People v Tyler, 110 AD3d 745 [2013]). Accordingly, the defendant’s sentence must be reversed and the matter remitted to the Supreme Court, Queens County, for resentencing after determining whether the defendant should be adjudicated a youthful offender. We express no opinion as to whether the Supreme Court should afford youthful offender status to the defendant.
Eng, PJ., Dillon, Maltese and Duffy, JJ., concur.