Judgment, Supreme Court, Bronx County (William L. McGuire, J.), rendered February 4, 2011, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of one year, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing.
The record establishes that the court did not actually consider youthful offender treatment, but ruled it out on the ground that it had been waived as part of defendant’s negotiated plea. The subsequent determination by the Court of Appeals in People v Rudolph (21 NY3d 497, 501 [2013]) that CPL 720.20 (1) requires “that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain” requires a new sentencing proceeding. Although defendant pleaded guilty to an armed felony, he was potentially eligible under CPL 720.10 (3), and he was thus entitled to a determination (People v Flores, 116 AD3d 644 [1st Dept 2014]). This issue survives defendant’s waiver of his right to appeal (see People v Pacheco, 110 AD3d 927 [2d Dept 2013]).
Concur—Mazzarelli, J.E, Friedman, Saxe, Manzanet-Daniels and Feinman, JJ.