Lahtinen, J.E
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered December 9, 2008, convicting defendant upon his plea of guilty of the crime of possessing a sexual performance by a child.
In September 2008, defendant pleaded guilty to possessing a sexual performance by a child. As part of the plea deal, which included other potential charges, defendant, who was then 16 years old, agreed that he would not receive youthful offender status. He was sentenced consistent with the plea agreement in December 2008, receiving six months in jail, 10 years of probation and being denied youthful offender status. After a protracted delay, defendant perfected his appeal arguing that the recent case of People v Rudolph (21 NY3d 497 [2013]) requires reversal of his sentence.
In People v Rudolph (supra), the Court of Appeals, overruling precedent, held that the statutory command in CEL 720.20 (1) that the sentencing court address youthful offender status when a defendant is eligible for such status “cannot be dispensed with, even where defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request” (id. at 499). When addressing such status, the sentencing court should set forth factors considered in its determination (see People v Cruickshank, 105 AD2d 325, 334 [1985], affd sub nom. People v Dawn Maria C., 67 NY2d 625 [1986] ), particularly when denying youthful offender status (see People v Mattis, 46 AD3d 929, 932 [2007]; see also People v Bell, 94 AD3d 1569, 1570 [2012], lv denied 19 NY3d 970 [2012]; People v Malave, 179 AD2d 419, 419-420 [1992], lv denied 79 NY2d 950 [1992]).
The People advance two arguments in support of their contention that Rudolph does not control this appeal, neither of which has merit. First, they assert that, since the sentence was consistent with prevailing precedent when imposed (see e.g. People v *976 McGowen, 42 NY2d 905, 906 [1977]), the holding in Rudolph should not be applied retroactively. However, notwithstanding the lengthy delay in perfecting this appeal, this case is before us on direct appeal — not a collateral attack — and the law as it now exists controls (see People v Rudolph, 21 NY3d at 502; see also People v Snyder, 91 AD3d 1206, 1211 [2012], lv denied 19 NY3d 968 [2012], cert denied 568 US —, 133 S Ct 791 [2012]; People v George, 43 AD3d 560, 562 [2007], affd 11 NY3d 848 [2008]).
The People also contend that “everything in the history of this case compels the conclusion that waiver [by defendant of youthful offender status] under all the facts and circumstances of this case was fair [and] equitable, well reasoned and the only determination that a litigant in [defendant’s] position would rationally make.” Even assuming such contention is correct, People v Rudolph (21 NY3d at 499) requires the sentencing court to independently make the youthful offender determination regardless of whether a defendant purported to waive his or her right to such status as part of a favorable plea or for any other reason. Here, although County Court stated that defendant was denied youthful offender status, this followed immediately after his counsel acknowledged on the record that, as part of the plea, defendant “was not going to get [youthful offender status].” There is no indication that County Court gave any independent consideration to youthful offender status nor is there any discussion by the court of factors pertinent to such status at the time of its denial. Accordingly, the sentence must be vacated and the matter remitted for resentencing (see e.g. People v Smith, 113 AD3d 453, 454 [2014]; People v Pacheco, 110 AD3d 927, 927 [2013]).
Stein, Egan Jr., Devine and Clark, JJ., concur.
Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of St. Lawrence County for resentencing; and, as so modified, affirmed.