■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRE BROOKS, Appellant. [991 NYS2d 899]—

Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Foley, J.), rendered September 20, 2010, convicting him of attempted robbery in the second degree, upon

his plea of guilty, and imposing sentence, and (2) by permission, from an order of the same court entered March 7, 2013, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and determine whether the defendant should be afforded youthful offender treatment, and the appeals are held in abeyance in the interim.

The defendant's purported general waiver of his right to appeal was invalid (*see People v Curras*, 105 AD3d 973 [2013]). In any event, the defendant's claim that the Supreme Court failed to consider youthful offender treatment is not barred by a general waiver of the right to appeal (*see People v Rudolph*, 21 NY3d 497, 501 [2013]; *People v Pacheco*, 110 AD3d 927 [2013]). Nor was it barred by his failure to properly raise the issue at sentencing, or by his plea agreement (*see People v Rudolph*, 21 NY3d at 501; *People v Pacheco*, 110 AD3d at 927).

Pursuant to CPL 720.20 (1) "at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender." That determination was not made in this case. As the People correctly concede, the sentencing court should have considered and determined whether the defendant should be treated as a youthful offender.

Generally, under such circumstances, the sentence is vacated, and the matter remitted to the sentencing court for resentencing after determining whether the defendant should be treated as a youthful offender (*see People v Ramirez*, 115 AD3d 992 [2014]; *People v Smith*, 113 AD3d 453 [2014]; *People v Pacheco*, 110 AD3d 927 [2013]; *People v Tyler*, 110 AD3d 745 [2013]; *People v Brownell*, 109 AD3d 1172 [2013]). However, in this case, the defendant has served his sentence. Under these circumstances, we remit the matter to the Supreme Court, Kings County, to determine whether the defendant should be afforded youthful offender treatment, and hold the appeals in abeyance in the interim (*see People v Scott*, 115 AD3d 1342 [2014]; *People v Potter*, 114 AD3d 1183 [2014]; *People v Flagg*, 111 AD3d 1438 [2013]).

We reach no other issue at this juncture. Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.