■ The People of the State of New York, Respondent, v Elijah Stevens, Appellant. [4 NYS3d 546]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gubbay, J.), rendered September 11, 2012, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The defendant's general waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Brown*, 122 AD3d 133, 137 [2014]). In any event, the defendant's contention that the Supreme Court failed to consider whether to afford him youthful offender treatment is not barred by a general waiver of the right to appeal (*see People v Brooks*, 120 AD3d 1255, 1256 [2014]; *People v Malcolm*, 118 AD3d 447 [2014]; *People v Ramirez*, 115 AD3d 992, 993 [2014]; *People v Pacheco*, 110 AD3d 927 [2013]; *People v Tyler*, 110 AD3d 745, 746 [2013]).

In *People v Rudolph* (21 NY3d 497, 499 [2013]), the Court of Appeals held that compliance with CPL 720.20 (1), which provides that the sentencing court "must" determine whether an eligible defendant is to be treated as a youthful offender, "cannot be dispensed with, even where defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request." Compliance

with CPL 720.20 (1) requires the sentencing court to actually consider and make an independent determination of whether an eligible youth is entitled to youthful offender treatment (*see People v Evans*, 126 AD3d 721 [2d Dept 2015]; *People v Calkins*, 119 AD3d 975 [2014]; *People v Malcolm*, 118 AD3d at 447; *People v Tyler*, 110 AD3d at 746; *see also People v Then*, 121 AD3d 1025, 1026 [2014]; *People v Pacheco*, 110 AD3d at 927).

Here, the Supreme Court failed to adequately place on the record its reasons for denying the defendant youthful offender status. Under these circumstances, we vacate the defendant's sentence, and remit the matter to the Supreme Court, Kings County, for a determination of whether the defendant should be afforded youthful offender treatment. We express no opinion as to whether the Supreme Court should afford youthful offender treatment to the defendant.

In light of our determination, we need not reach the defendant's remaining contention. Rivera, J.P., Sgroi, Maltese and LaSalle, JJ., concur.