# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

439

KA 14-01023

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

MICHAEL A.C., DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

MICHAEL A.C., DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered January 14, 2014. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals pro se from a youthful offender adjudication based upon his plea of guilty of robbery in the third degree (Penal Law § 160.05) and, in appeal No. 2, he appeals pro se from a judgment convicting him upon his plea of guilty of assault in the second degree (§ 120.05 [4]). Defendant does not raise any contentions with respect to the adjudication in appeal No. 1, and we therefore dismiss the appeal therefrom (*see generally People v Scholz*, 125 AD3d 1492, 1492).

Defendant contends in appeal No. 2 that Supreme Court was required to determine his eligibility for youthful offender status with respect to his conviction of assault in the second degree and erred in failing to do so. "[E]ligibility for youthful offender status is met at the time of conviction, not at the time of sentencing" (*People v Ramirez*, 115 AD3d 992, 993; *see People v Cecil Z.*, 57 NY2d 899, 901) and, because defendant had not yet been adjudicated a youthful offender on the robbery charge at the time of his guilty plea to the assault charge, he was an eligible youth with respect to both charges (*cf.* CPL 720.10 [2] [c]). Thus, contrary to the People's contention, the court was required to make a youthful offender determination at sentencing with respect to the assault conviction (*see* CPL 720.20 [1]; *People v Rudolph*, 21 NY3d 497, 501). Nevertheless, the record belies defendant's contention that the court failed to determine whether he was eligible for youthful offender

status (*cf. People v Brownell*, 109 AD3d 1172, 1173), and we conclude that the court did not abuse its discretion in refusing to grant defendant youthful offender status in appeal No. 2 (*see People v Guppy*, 92 AD3d 1243, 1243, *lv denied* 19 NY3d 961; *People v Potter*, 13 AD3d 1191, 1191, *lv denied* 4 NY3d 889).  Defendant's adjudication as a youthful offender with respect to the robbery conviction in appeal No. 1 did not require that he be adjudicated a youthful offender with respect to the assault conviction where, as here, the robbery and assault charges were not set forth in separate counts of a single accusatory instrument or in two or more accusatory instruments consolidated for trial purposes (*see People v Shaquille Mc.*, 115 AD3d 772, 773; *cf.* CPL 720.20 [2]; *People v Cory T.*, 59 AD3d 1063, 1064).

We have considered defendant's contention in appeal No. 2 with respect to the sentence and conclude that it is without merit.

Entered:  May 1, 2015                          Frances E. Cafarell
                                               Clerk of the Court