■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DAWKINS, Appellant. [13 NYS3d 908]—Appeal by the de-

fendant, as limited by his brief, from a sentence of the Supreme Court, Kings County (Donnelly, J.), imposed November 8, 2013, upon his conviction of attempted murder in the second degree, upon his plea of guilty.

Ordered that the sentence is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

In *People v Rudolph* (21 NY3d 497, 499 [2013]), the Court of Appeals held that compliance with CPL 720.20 (1), which provides that the sentencing court "must" determine whether an eligible defendant is to be treated as a youthful offender, "cannot be dispensed with, even where defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request." Compliance with CPL 720.20 (1) requires the sentencing court to actually consider and make an independent determination of whether an eligible youth is entitled to youthful offender treatment (*see People v Stevens*, 127 AD3d 791 [2015]; *People v Ojomo*, 126 AD3d 1011 [2015]; *People v Evans*, 126 AD3d 721 [2015]; *People v Calkins*, 119 AD3d 975, 976 [2014]; *see also People v Then*, 121 AD3d 1025, 1026 [2014]; *People v Pacheco*, 110 AD3d 927 [2013]).

Here, the record does not demonstrate that the Supreme Court considered whether to adjudicate the defendant a youthful offender. Therefore, we vacate the defendant's sentence, and remit the matter to the Supreme Court, Kings County, for resentencing after a determination of whether the defendant should be afforded youthful offender treatment (*see People v Ramirez*, 115 AD3d 992 [2014]). We express no opinion as to whether the Supreme Court should afford youthful offender treatment to the defendant. Rivera, J.P., Dickerson, Hinds-Radix and Barros, JJ., concur.