■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v T.E., Appellant. [16 NYS3d 587]—

Motion by the appellant, in effect, to recall and vacate a decision and order of this Court dated March 4, 2015 (126 AD3d 721 [2015]), which determined an appeal from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered May 30, 2012, and to amend the caption to make it anonymous.

Upon the papers filed in support of the motion and the papers filed in relation thereto, it is

Ordered that the motion is granted, the decision and order of this Court dated March 4, 2015, is recalled and vacated, the caption is amended, and the following decision and order is substituted for the prior decision and order:

Appeal by the defendant from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered May 30, 2012, convicting him of sexual abuse in the first degree and endangering the welfare of a child, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The defendant's general waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 265 [2011]; People v Brown, 122 AD3d 133 [2014]; see also People v Cantarero, 123 AD3d 841 [2014]). In any event, the defendant's contention that the Supreme Court failed to consider whether to afford him youthful offender treatment is not barred by a general waiver of the right to appeal (see People v Brooks, 120 AD3d 1255 [2014]; People v Malcolm, 118 AD3d 447 [2014]; People v Ramirez, 115 AD3d 992, 992 [2014]; People v Pacheco, 110 AD3d 927 [2013]; People v Tyler, 110 AD3d 745, 746 [2013]). In People v Rudolph (21 NY3d 497, 499 [2013]), the Court of Appeals held that compliance with CPL 720.20 (1), which provides that the sentencing court "must" determine whether an eligible defendant is to be treated as a youthful offender, "cannot be dispensed with, even where defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or

her right to make such a request." Compliance with CPL 720.20 (1) requires that the sentencing court actually consider and make an independent determination of whether an eligible youth is entitled to youthful offender treatment (*see People v Calkins*, 119 AD3d 975 [2014]; *People v Malcolm*, 118 AD3d 447 [2014]; *People v Tyler*, 110 AD3d 745 [2013]; *see also People v Then*, 121 AD3d 1025 [2014]; *People v Pacheco*, 110 AD3d 927 [2013]). Here, the Supreme Court stated that "[t]here is no youthful offender adjudication" when it imposed sentence in accordance with the defendant's plea agreement. However, the court did not place on the record any reason for not adjudicating the defendant a youthful offender, and there is nothing in the record to indicate that it actually independently considered youthful offender treatment instead of denying such treatment because it was not part of the plea agreement. Under these circumstances, we vacate the defendant's sentence, and remit the matter to the Supreme Court, Kings County, for a determination of whether the defendant should be afforded youthful offender treatment. Eng, P.J., Austin, Cohen and Barros, JJ., concur.