■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA WORRELL, Appellant. [21 NYS3d 638]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Foley, J.), rendered April 18, 2012, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

In *People v Rudolph* (21 NY3d 497, 499 [2013]), the Court of Appeals held that compliance with CPL 720.20 (1), which provides that the sentencing court "must" determine whether an eligible defendant is to be treated as a youthful offender, "cannot be dispensed with, even where defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request." Compliance with CPL 720.20 (1) requires the sentencing court to actually consider and make an independent determination of whether an eligible youth is entitled to youthful offender treatment (*see People v T.E.*, 131 AD3d 1067 [2015]; *People v Dawkins*, 131 AD3d 482, 483 [2015]; *People v Calkins*, 119 AD3d 975, 976 [2014]; *see also People v Stevens*, 127 AD3d 791, 792 [2015]; *People v Then*, 121 AD3d 1025 [2014]). Here, the Supreme Court did not place on the record any reason for not adjudicating the defendant a youthful offender on his conviction of attempted robbery in the second degree under indictment No. 9960/10, and there is nothing in the record to indicate that it considered and made an actual determination as to whether the defendant should be granted youthful offender treatment for his conviction under that indictment (*see People v T.E.*, 131 AD3d at 1068; *People v Joshua B.*, 126 AD3d 717, 718 [2015]). Under these circumstances, we vacate the defendant's sentence and remit the matter to the Supreme Court, Kings County, for a determination of whether the defendant should be afforded youthful offender treatment. Eng, P.J., Mastro, Cohen and Miller, JJ., concur.