■ The People of the State of New York, Respondent, v Christopher Newman, Appellant. [28 NYS3d 395]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Foley, J.), rendered June 26, 2013, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and determine whether the defendant

should be afforded youthful offender treatment on his conviction of attempted criminal possession of a weapon in the second degree under indictment No. 8206/12, and the appeal is held in abeyance in the interim.

The defendant pleaded guilty to two counts of attempted criminal possession of a weapon in the second degree, in satisfaction of two separate indictments: indictment No. 4915/12 and indictment No. 8206/12. At sentencing, the Supreme Court granted the 17-year-old defendant youthful offender status with regard to the conviction under indictment No. 4915/12, but did not grant such status with regard to the conviction under indictment No. 8206/12. The court did not provide any reasons for its determination on the record. The defendant appeals, arguing that this Court should grant him youthful offender status on his conviction under indictment No. 8206/12 or, in the alternative, this Court should vacate the sentence and remit the matter to the Supreme Court, Kings County, to determine whether the defendant should be granted youthful offender status on that conviction.

The defendant's claim that the Supreme Court failed to consider youthful offender treatment on his conviction of attempted criminal possession of a weapon in the second degree under indictment No. 8206/12 is not precluded by his general waiver of the right to appeal (*see People v Rudolph*, 21 NY3d 497 [2013]; *People v Pacheco*, 110 AD3d 927 [2013]).

In *People v Rudolph* (21 NY3d at 499), the Court of Appeals held that compliance with CPL 720.20 (1), which provides that the sentencing court "must" determine whether an eligible defendant is to be treated as a youthful offender, "cannot be dispensed with, even where defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request." "Compliance with CPL 720.20 (1) requires the sentencing court to actually consider and make an independent determination of whether an eligible youth is entitled to youthful offender treatment" (*People v Stevens*, 127 AD3d 791, 791-792 [2015]; *see People v T.E.*, 131 AD3d 1067, 1068 [2015]; *People v Calkins*, 119 AD3d 975 [2014]; *People v Malcolm*, 118 AD3d 447 [2014]; *People v Tyler*, 110 AD3d 745 [2013]).

Here, as the People correctly concede, the Supreme Court failed to adequately place on the record its reasons for denying the defendant youthful offender status on his conviction of attempted criminal possession of a weapon in the second degree under indictment No. 8206/12 (*see People v Worrell*, 134 AD3d 1137 [2015]; *People v T.E.*, 131 AD3d at 1068; *People v Stevens*, 127 AD3d at 792; *People v Pacheco*, 110 AD3d 927 [2013]).

Generally, under such circumstances, the sentence is vacated, and the matter remitted to the sentencing court for resentencing after determining whether the defendant should be treated as a youthful offender (*see People v Brooks*, 120 AD3d 1255, 1256 [2014]; *People v Pacheco*, 110 AD3d 927 [2013]). In this case, however, the defendant has served his sentence. Under these circumstances, we remit the matter to the Supreme Court, Kings County, to determine whether the defendant should be afforded youthful offender treatment on his conviction of attempted criminal possession of a weapon in the second degree under indictment No. 8206/12, and hold the appeal in abeyance in the interim (*see People v Brooks*, 120 AD3d 1255 [2014]).

We note that, contrary to the People's contention, the defendant's conviction of attempted criminal possession of a weapon in the second degree does not qualify as an armed felony because the crime can be committed without the actual possession of a deadly weapon (*see* CPL 1.20 [41]; *People v Boria*, 124 AD3d 467 [2015]). Thus, the defendant was eligible for youthful offender treatment on his conviction of attempted criminal possession of a weapon in the second degree under indictment No. 8206/12 without any finding of mitigation (*see* CPL 720.10 [2]; *see generally People v Middlebrooks*, 25 NY3d 516 [2015]).

We reach no other issue at this juncture. Mastro, J.P., Hall, Miller and LaSalle, JJ., concur.