The People of the State of New York, Respondent,
against
Ronald Wilfred, Appellant.



Appeal from three judgments of the Criminal Court of the City of New York, Kings County (Michael Yavinsky, J.), rendered December 12, 2013. The judgments convicted defendant, upon his pleas of guilty, of petit larceny, petit larceny and resisting arrest, respectively.




ORDERED that the matter is remitted to the Criminal Court to hear and determine whether defendant should be afforded youthful offender treatment, and the appeal is held in abeyance in the interim.
Pursuant to a comprehensive plea and sentencing agreement, defendant pleaded guilty to three misdemeanors in satisfaction of several additional charges alleged in three accusatory instruments based on separate criminal incidents. At sentencing, defendant's counsel informed the Criminal Court that defendant was not "mandatory YO," and defendant was sentenced without further discussion as to whether, as an "eligible youth" (CPL 720.10 [1], [2]), defendant would be adjudicated a youthful offender. On appeal, defendant's sole claim is that the sentencing court was required to determine whether defendant should be adjudicated a youthful offender. We agree (see CPL 720.20 [1]; People v Middlebrooks, 25 NY3d 516, 519 [2015]; People v Rudolph, 21 NY3d 497, 501 [2013]). CPL 720.20 (1) requires that the sentencing court make an independent determination as to whether an eligible youth should be afforded youthful offender status, and place on the record the reasons for granting or withholding the relief (see People v Newman, 137 AD3d 1306, 1307 [2016]; People v Eric P., 135 AD3d 882, 883 [2016]; People v T.E., 131 AD3d 1067, 1068 [2015]).
As noted in People v Newman (137 AD3d at 1308), normally in these circumstances, the sentence is vacated and the matter remitted to the sentencing court for resentencing after it determines whether the defendant should be treated as a youthful offender; however, where a defendant has served the sentence, the sentence is not vacated. Instead, the matter is remitted to the Criminal Court to determine whether the defendant should be afforded youthful offender treatment, and the appeal is held in abeyance in the interim (see People v Brooks, 120 AD3d 1255 [2014]).
Accordingly, the matter is remitted to the Criminal Court to hear and determine whether defendant should be afforded youthful offender treatment, and the appeal is held in abeyance in the interim.
Solomon, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: June 29, 2016