People v Mead (2018 NY Slip Op 02205)





People v Mead


2018 NY Slip Op 02205


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2016-09200
 (Ind. No. 1772/11)

[*1]The People of the State of New York, respondent,
v
Ananyanka Mead, appellant.


Seymour W. James, Jr., New York, NY (David Crow, Saul B. Shapiro, Melissa Ginsberg, Elena Steiger Reich, and Devon A. Hercher of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (ShawnDya L. Simpson, J.), imposed July 20, 2016, upon remittitur from this Court for resentencing (see People v Mead, 134 AD3d 960, 961), upon her conviction of gang assault in the second degree, upon a jury verdict.
ORDERED that the resentence is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
In October 2012, the defendant was convicted, upon a jury verdict, of gang assault in the second degree. On a prior appeal by the defendant, this Court determined that the Supreme Court had failed to consider whether the defendant should be treated as a youthful offender (see People v Mead, 134 AD3d 960). Therefore, the judgment was modified by vacating the defendant's sentence, and the matter was remitted to the Supreme Court, Kings County, for resentencing after a determination by that court as to whether the defendant should be adjudicated a youthful offender (see id.).
At resentencing, however, the Supreme Court failed to make such a determination on the record. CPL 720.20(1) provides, in relevant part, that upon the conviction of an eligible youth, "at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender." Compliance with this statutory mandate requires that the sentencing court actually consider and make a determination of whether an eligible youth is entitled to youthful offender treatment (see People v Rudolph, 21 NY3d 497, 499; People v T.E., 131 AD3d 1067, 1068; People v Dawkins, 131 AD3d 482, 483; People v Stevens, 127 AD3d 791, 792). Such a determination must be explicit, even if it is apparent from the record of the sentencing proceeding that the court did not believe a defendant was entitled to youthful offender treatment (see People v Basono, 122 AD3d 553, 553).
Accordingly, the defendant's resentence must be reversed and the matter remitted to the Supreme Court, Kings County, for resentencing after a determination is made, on the record, as to whether the defendant should be adjudicated a youthful offender (see People v Rudolph, 21 NY3d [*2]at 501; People v McEachern, 145 AD3d 741, 742; People v Henry, 143 AD3d 1001; People v Youmans, 140 AD3d 1097; People v Eric P., 135 AD3d 882, 883).
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court