People v Olivo (2019 NY Slip Op 02559)





People v Olivo


2019 NY Slip Op 02559


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2017-05023
2017-05024

[*1]The People of the State of New York, respondent,
v
Jose Olivo, appellant. 

(S.C.I. Nos. 90049/17, 90050/17)

Paul Skip Laisure, New York, NY (Melissa Lee of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Richmond County (Alan J. Meyer, J.), both rendered April 6, 2017, convicting him of criminal possession of stolen property in the fourth degree under S.C.I. No. 90049/17, and reckless endangerment in the first degree under S.C.I. No. 90050/17, upon his pleas of guilty, and imposing sentences.
ORDERED that the matter is remitted to the Supreme Court, Richmond County, to hear and determine whether the defendant should be afforded youthful offender treatment and thereafter submit a report to this Court advising of its determination, and the appeals are held in abeyance in the interim.
In People v Rudolph (21 NY3d 497, 499), the Court of Appeals held that compliance with CPL 720.20(1), which provides that the sentencing court "must" determine whether an eligible defendant is to be treated as a youthful offender, "cannot be dispensed with, even where defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request." Compliance with CPL 720.20(1) requires the sentencing court to actually consider and make an independent determination of whether an eligible youth is entitled to youthful offender treatment (see People v Dawkins, 131 AD3d 482, 483; People v Stevens, 127 AD3d 791, 791-792; People v Ojomo, 126 AD3d 1011).
Here, the record does not demonstrate that the Supreme Court considered whether to adjudicate the defendant a youthful offender. "Generally, under such circumstances, the sentence is vacated, and the matter remitted to the sentencing court for resentencing after determining whether the defendant should be treated as a youthful offender" (People v Brooks, 120 AD3d 1255, 1256). However, in this case, the defendant has served his sentence. Under these circumstances, we remit the matter to the Supreme Court, Richmond County, to determine whether the defendant should be afforded youthful offender treatment and thereafter submit a report to this Court advising of its determination, and hold the appeals in abeyance in the interim (see id. at 1256).
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court