People v Ramirez (2019 NY Slip Op 04727)





People v Ramirez


2019 NY Slip Op 04727


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2013-00195
 (Ind. No. 3076/11)

[*1]The People of the State of New York, respondent,
v
Geremia Ramirez, appellant.


Janet E. Sabel, New York, NY (Justine Luongo and Nancy E. Little of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Timothy R. McGrath of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fernando Camacho, J.), rendered December 4, 2012, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
CPL 720.20(1) requires that the sentencing court "must" determine whether an eligible defendant is to be treated as a youthful offender, even where the defendant fails to request such treatment, or agrees to forgo it as part of a plea agreement (see People v Rudolph, 21 NY3d 497, 501). Contrary to the People's contention, the defendant's waiver of his right to appeal was invalid because the Supreme Court failed to confirm that the defendant understood the nature of the right to appeal and the consequences of waiving it (see People v Bradshaw, 18 NY3d 257, 267; People v Brown, 122 AD3d 133, 142). In any event, a valid waiver would not bar the defendant's contention that the court failed to consider youthful offender treatment (see People v Newman, 137 AD3d 1306, 1307; People v T.E., 131 AD3d 1067, 1067).
Here, the record demonstrates that the Supreme Court did not consider whether the defendant should be afforded youthful offender treatment. Accordingly, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Queens County, for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment (see People v Foster, 162 AD3d 790, 790-791; People v T.E., 131 AD3d at 1068).
MASTRO, J.P., BALKIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court