People v Garcia (2019 NY Slip Op 06205)





People v Garcia


2019 NY Slip Op 06205


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-12651
 (Ind. No. 3243/16)

[*1]The People of the State of New York, respondent,
v
Kareem Garcia, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Andrew S. Durham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Suzanne M. Mondo, J.), rendered November 10, 2016, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
The defendant's valid waiver of the right to appeal precludes us from reviewing his contention that the Supreme Court should have granted that branch of his omnibus motion which was to suppress certain statements he made to law enforcement officials and physical evidence (see People v Sanders, 25 NY3d 337, 342; People v Kemp, 94 NY2d 831, 833).
However, the defendant's contention that the Supreme Court failed to consider youthful offender treatment is not precluded by his waiver of the right to appeal (see People v Taylor, 163 AD3d 726; People v Ramirez, 115 AD3d 992, 993). As the People correctly concede, the court erred in failing to consider whether the defendant, who was 18 years old when he committed the offense, should be afforded youthful offender status (see CPL 720.20[1]; People v Rudolph, 21 NY3d 497; People v Alleyne, 169 AD3d 710; People v Stevens, 127 AD3d 791, 791-792). Under these circumstances, we vacate the defendant's sentence and remit the matter to the Supreme Court, Kings County, for a determination of whether the defendant should be afforded youthful offender treatment. We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court