People v Shehi (2020 NY Slip Op 03676)





People v Shehi


2020 NY Slip Op 03676


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-05470
2018-12648

[*1]The People of the State of New York, respondent,
v
Sutki Shehi, appellant. (Ind. Nos. 1522/15, 1605/15)


Janet E. Sabel, New York, NY (Laura Boyd of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Marielle Burnett on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Martin P. Murphy, J.), both rendered April 12, 2016, convicting him of burglary in the third degree under Indictment No. 1522/15, and criminal sale of a controlled substance in the third degree under Indictment No. 1605/15, upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered under Indictment No. 1522/15 brings up for review two orders of protection issued at the time of sentencing.
ORDERED that the matter is remitted to the Supreme Court, Kings County, to hear and determine whether the defendant should be afforded youthful offender treatment, and the appeals are held in abeyance in the interim; and it is further,
ORDERED that upon the appeal from the judgment rendered under Indictment No. 1522/15, so much of the orders of protection as directed that they remain in effect until and including April 11, 2029, are vacated, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the orders of protection.
The defendant pleaded guilty to burglary in the third degree under Indictment No. 1522/15 in exchange for a definite term of imprisonment of one year and to criminal sale of a controlled substance in the third degree under Indictment No. 1605/15 in exchange for a determinate term of imprisonment of two years plus a period of postrelease supervision of two years. Both sentences were ordered to run concurrently with each other. At sentencing, the Supreme Court imposed the promised sentences without considering whether the defendant, who was 17 years old at the time of the commission of the crimes, should be afforded youthful offender treatment.
In People v Rudolph (21 NY3d 497, 499), the Court of Appeals held that compliance with CPL 720.20(1), which provides that the sentencing court "must" determine whether an eligible defendant is to be treated as a youthful offender, "cannot be dispensed with, even where defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request." Compliance with CPL 720.20(1) requires the sentencing court to actually consider and make an independent determination of whether an eligible youth is entitled to youthful offender treatment (see People v Dawkins, 131 AD3d 482, 483; People v Stevens, 127 AD3d 791, [*2]791-792; People v Ojomo, 126 AD3d 1011).
Here, the record does not demonstrate that the Supreme Court considered whether to adjudicate the defendant a youthful offender. "Generally, under such circumstances, the sentence is vacated, and the matter remitted to the sentencing court for resentencing after determining whether the defendant should be treated as a youthful offender" (People v Brooks, 120 AD3d 1255, 1256; see People v Olivo, 171 AD3d 798, 799). However, in this case, the defendant has served his sentences. Under these circumstances, we remit the matter to the Supreme Court, Kings County, to determine whether the defendant should be afforded youthful offender treatment and thereafter submit a report to this Court advising of its determination, and hold the appeals in abeyance in the interim (see People v Olivo, 171 AD3d at 799; People v Brooks, 120 AD3d at 1256).
The duration of the orders of protection, which were issued upon the defendant's conviction of burglary in the third degree, is an issue properly before this Court on the appeal from the judgment under Indictment No. 1522/15 (see People v Nieves, 2 NY3d 310, 315). However, the defendant's contention with respect to the duration of the orders is unpreserved for appellate review, since the defendant did not raise it at sentencing or move to amend the orders (see id. at 316-317; People v Rodriguez, 157 AD3d 971). Nonetheless, we reach that contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Ramos, 164 AD3d 922; People v Ortiz, 25 AD3d 811, 812).
As the People concede, the duration of the orders of protection exceeded the maximum time limit set forth in CPL 530.13(4) and failed to take into account the defendant's jail-time credit. Accordingly, we vacate so much of those orders as directed that they remain in effect until and including April 11, 2029, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of those orders (see People v Sanchez, 175 AD3d 1567; People v Gooding, 174 AD3d 642, 643).
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court