People v Battle (2020 NY Slip Op 06135)





People v Battle


2020 NY Slip Op 06135


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-14652
 (Ind. No. 1474/15)

[*1]The People of the State of New York, respondent,
v
Laquan Battle, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Maria Torres on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin Murphy, J.), rendered October 5, 2018, convicting him of manslaughter in the first degree and conspiracy in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The defendant contends, and the People concede, that the Supreme Court failed to determine whether he should be afforded youthful offender status (CPL 720.20[1]). The parties are correct that the record does not demonstrate that the court considered whether to adjudicate the defendant a youthful offender (see People v Rudolph, 21 NY3d 497, 499). Accordingly, we vacate the defendant's sentence and remit the matter to the Supreme Court, Kings County, for resentencing after a determination of whether the defendant should be sentenced as a youthful offender (see People v Mead, 134 AD3d 960, 961; People v Dawkins, 131 AD3d 482, 483; People v Stevens, 127 AD3d 791, 792). We express no opinion as to whether the Supreme Court should afford youthful offender status to the defendant (see People v Dawkins, 131 AD3d at 483; People v Then, 121 AD3d 1025, 1026).
The defendant's remaining contention has been rendered academic in light of our determination (see People v Then, 121 AD3d at 1026).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court