People v John E. (2020 NY Slip Op 51498(U))

[*1]

People v John E.

2020 NY Slip Op 51498(U) [70 Misc 3d 127(A)]

Decided on December 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2016-3161 Q CR

The People of the State of New York,
Respondent,
against
John E. (Anonymous), Appellant. 

Appellate Advocates (Nao Terai of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Jonathan K. Yi of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Suzanne J. Melendez, J.), rendered October 28, 2016. The judgment convicted defendant, upon
his plea of guilty, of endangering the welfare of a child, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, and the conviction is
vacated and replaced with a finding that defendant is a youthful offender.
Upon his plea of guilty, defendant was convicted on October 28, 2016 of endangering the
welfare of a child (Penal Law § 260.10 [1]). The Criminal Court sentenced defendant to a
one-year conditional discharge and issued a five-year order of protection. We agree with
defendant's contention, and the People concede, that the judgment of conviction must be reversed
because defendant was 18 years old at the time of the crime to which he pleaded guilty and had
not, prior to the entry of his guilty plea, been convicted of a crime or found to be a youthful
offender, rendering it mandatory that he be adjudicated a youthful offender (see CPL
720.10; 720.20 [1] [b]; People v
Rudolph, 21 NY3d 497, 500 [2013]). We do not vacate the sentence and remit the
matter to the sentencing court for a resentencing, as is generally done, since defendant has
already served the sentence (see People
v Newman, 137 AD3d 1306 [2016]; People v Wilfred, 52 Misc 3d 136[A], 2016 NY Slip Op 51049[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Accordingly, the judgment of conviction is reversed and the conviction is vacated and
replaced with a finding that defendant is a youthful offender. 
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 11, 2020