■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMAL B. ABDULLAH, Appellant. [748 NYS2d 419] —Kane, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered May 7, 1999, convicting defendant upon his plea of guilty of the crimes of attempted murder in the second degree, robbery in the first degree (three counts), criminal use of a firearm in the first degree and criminal possession of a weapon in the third degree (two counts).

In satisfaction of a seven-count indictment, defendant pleaded guilty to attempted murder in the second degree, three counts of robbery in the first degree, two counts of criminal possession of a weapon in the third degree, and criminal use of a firearm in the first degree. He was sentenced as a second violent felony offender to concurrent prison terms of 10 years for the murder and robbery convictions and three years for the possession conviction, and a consecutive prison term of five years for the criminal use of a firearm conviction. On this appeal, defendant challenges the imposition of the five-year consecutive sentence and argues that he received ineffective assistance of counsel.

Initially, we reject defendant's claim that he was denied the effective assistance of counsel. Defendant's sole contention in support of the claim, that defense counsel failed to effectuate his right to testify before the grand jury, does not, by itself, constitute ineffective assistance of counsel (*see People v Wiggins*, 89 NY2d 872, 873; *People v Mejias*, 293 AD2d 819, 820, *lv denied* 98 NY2d 699). In light of the People's overwhelming evidence against him, defendant has failed to "demonstrate the necessary absence of strategic or other legitimate explanations for his counsel's failure to pursue this course of action" (*People v Brown*, 227 AD2d 691, 693, *lv denied* 88 NY2d 980).

With regard to the sentence, the People concede that the consecutive five-year sentence imposed upon defendant for criminal use of a firearm in the first degree was improper. Penal Law § 265.09 (2) is an enhanced sentencing provision which allows an additional consecutive sentence of five years for a conviction of criminal use of a firearm to be added to an indeterminate sentence imposed for a class B violent felony. We agree that this provision does not apply here, since defendant was sentenced as a second violent felony offender to a determinate prison term (*see* Penal Law § 70.04; Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 265, at 99-100). In this case, all of the crimes arose out of the same criminal transaction (*see People v Spells*, 277 AD2d 476, 479, *lv denied* 95 NY2d 969) and, consequently, Penal Law § 70.25 (2) applies, which requires that multiple sentences imposed on a person for "two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" must run concurrently. Therefore, we remit the matter to County Court for resentencing.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed upon defendant; matter remitted to the County Court of Broome County for resentencing; and, as so modified, affirmed.