■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE WOOD, Also Known as CLARENCE WADE, Appellant.
[831 NYS2d 39]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered August 25, 2003, convicting defendant, after a jury trial, of sodomy in the first degree, course of sexual conduct against a child in the second degree, attempted rape in the first degree, sexual abuse in the first degree (two counts), and endangering the welfare of a child (five counts), and sentencing him to an aggregate term of 61 years, unanimously modified, on the law, to the extent of directing that the sentences for the convictions of course of sexual conduct against a child and sexual abuse all run concurrently, resulting in a new aggregate term of 47 years, and otherwise affirmed.

Defendant did not preserve his challenge to the sufficiency of the evidence supporting the attempted rape conviction and we decline to review it in the interest of justice.

As the People concede, defendant is entitled to have the sentence for course of sexual conduct run concurrently with one of the sentences for sexual abuse (*see* Penal Law 70.25 [2-e]), and to have both sentences for sexual abuse run concurrently with each other (*see* Penal Law 70.25 [2]). This disposition renders academic defendant's other legal challenge to his sentence.

Defendant did not preserve his claim that certain counts were duplicitous, in that multiple criminal acts might have been covered by individual counts, and we decline to review it in the interest of justice.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning trial counsel's possible strategic reasons for declining to make certain applications (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). There is no indication that defendant would have derived any benefit had his trial counsel raised a duplicitous counts claim, since the defects, if any, were curable, and there is no reasonable possibility that the outcome of the trial would have changed as the result of curative action by the court.

Defendant's other ineffective assistance arguments, some of which are rendered academic by our disposition of this appeal, are unavailing. Concur—Mazzarelli, J.P., Andrias, Friedman, Sweeny and Kavanagh, JJ.