*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   February 19, 2015                    105469
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

DAQUAN KAREEM GRAY, Also Known
    as DAY DAY,
                        Appellant.
_____

Calendar Date:   January 13, 2015

Before:   Peters, P.J., Rose, Egan Jr. and Clark, JJ.

                        _____

        David E. Woodin, Catskill, for appellant.

        James R. Farrell, District Attorney, Monticello (Meagan K.
Galligan of counsel), for respondent.

                        _____

Peters, P.J.

        Appeal from a judgment of the County Court of Sullivan
County (McGuire, J.), rendered August 7, 2012, upon a verdict
convicting defendant of the crimes of gang assault in the first
degree, assault in the first degree, criminal use of a firearm in
the first degree (two counts) and criminal possession of a weapon
in the second degree (two counts).

        Defendant was charged in a six-count indictment for crimes
stemming from the shooting of the victim in his neck at close

range, causing him to become paralyzed from the chest down.[1] Following a jury trial, defendant was convicted of gang assault in the first degree, assault in the first degree, two counts of criminal use of a firearm in the first degree and two counts of criminal possession of a weapon in the second degree. He was thereafter sentenced as a second violent felony offender to an aggregate prison term of 65 years, to be followed by five years of postrelease supervision. Defendant now appeals.

Defendant asserts that County Court erred in permitting the People to use evidence of his withdrawn alibi notice to impeach his credibility on cross-examination. We agree. The Court of Appeals has unequivocally established that the People may not use a defendant's notice of alibi for impeachment purposes on cross-examination where the defendant has withdrawn such notice prior to trial (see People v Brown, 98 NY2d 226, 235 [2002]; cf. People v Rodriguez, 3 NY3d 462, 467 [2004]). Here, three months prior to trial, defendant gave notice that he intended to call six alibi witnesses who would "testify that at the time of the crime [he] was [in] South Fallsburg, New York." On the eve of trial, defendant withdrew the alibi notice.

At trial, defendant testified and acknowledged that he was in the Village of Monticello, Sullivan County, in the area of the shooting when it occurred. In response, the People aggressively questioned defendant regarding his withdrawn alibi notice, asking, over repeated objections, whether he had asked his wife "to come in[to County Court] and lie for [him]." When defendant denied that he had done so, the People responded, "Do you know what the consequences for perjury are?" and "Do you know that perjury is a crime?" Later in the presence of the jury, upon the application of the People, County Court took judicial notice of the alibi notice filed on behalf of defendant. The People were permitted to question defendant concerning the substance of the notice, again asking defendant if he had previously intended to call his wife to testify that he was in South Fallsburg on the night of the incident and whether he was aware of the

---

[1] Defendant's three codefendants pleaded guilty prior to trial.

consequences of perjury.[2]

By his generalized objections, defendant failed to preserve a constitutional claim (see People v Kello, 96 NY2d 740, 743-744 [2001]; see also People v Ashley, 8 AD3d 136, 136 [2004], lv denied 3 NY3d 670 [2004]), but did preserve the common-law evidentiary issue for our review (see People v Brown, 98 NY2d at 235). Thus, we apply nonconstitutional harmless error analysis, by considering whether "'the proof of . . . defendant's guilt, without reference to the error, is overwhelming' and [if] there is [a] 'significant probability . . . that the jury would have acquitted . . . defendant had it not been for the error'" (People v Byer, 21 NY3d 887, 889 [2013], quoting People v Crimmins, 36 NY2d 230, 241-242 [1975]).

Here, evidence of defendant's guilt was not overwhelming (see People v Brown, 114 AD3d 1017, 1020 [2014]). In addition to the lack of physical evidence linking defendant to the crimes, there are numerous inconsistencies in the testimony of the People's witnesses regarding, among other things, the lighting at the time and location of the shooting, the number and identities of the individuals present, who defendant left with following the

_____

[2] The People maintain that their use of information from defendant's withdrawn alibi notice was proper because, prior to withdrawing his alibi notice, defendant allegedly stated, through his attorney during a pretrial conference in open court, that he intended to call "certain people" pursuant to the alibi notice given by his prior attorney. The People thus attempt to distinguish the use of this statement to impeach defendant on cross-examination from the use of information in a withdrawn alibi notice for impeachment purposes, the latter of which is clearly prohibited by People v Brown (supra) and People v Rodriguez (supra). We conclude that no meaningful distinction exists here, and we ascertain nothing in the reasoning underlying those cases to support drawing such a distinction. Defense counsel's pretrial conference statement appears to be nothing more than a reminder to County Court regarding the actions of his predecessor. In any event, it is undisputed that defendant subsequently withdrew his alibi notice.

shooting, what direction he traveled in, and whether defendant carried a weapon as he allegedly fled. Furthermore, despite being questioned by police immediately following the shooting, the victim waited months before making a statement to the police that implicated defendant.

Turning to the second prong of the harmless error analysis, we conclude that a significant probability exists that the jury would have acquitted defendant without this error. Notably, during deliberations, the jury asked "if [defendant's] original alibi of defense [was] in evidence." As this "case turned totally on credibility," the error here cannot be deemed harmless, particularly in light of the jury's clear interest in defendant's alibi notice when making its credibility assessments (People v Allen, 13 AD3d 892, 894 [2004], lv denied 4 NY3d 883 [2005]; see People v Caba, 66 AD3d 1121, 1124 [2009]). Defendant's remaining arguments are either academic or without merit.[3]

Rose, Egan Jr. and Clark, JJ., concur.


ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Sullivan County for a new trial.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[3]   Although defendant's contention that he was improperly sentenced is rendered academic by our reversal of his judgment of conviction, we note that he correctly argues that any sentence for criminal use of a firearm in the first degree under the third count of the indictment must run concurrently to a sentence for gang assault in the first degree under the first count of the indictment (see Penal Law § 70.25 [2]; People v McFarland, 106 AD3d 1129, 1132 [2013], lv denied 22 NY3d 1140 [2014]; People v Abdullah, 298 AD2d 623, 624 [2002]).