■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUL SPITZER, Appellant. [10 NYS3d 902]—

Appeal by the defendant, as limited by his motion, from a

sentence of the County Court, Rockland County (Kelly, J.), imposed April 17, 2012, upon his conviction of assault in the first degree, upon his plea of guilty.

Ordered that the sentence is reversed, on the law, and the matter is remitted to the County Court, Rockland County, for further proceedings consistent herewith.

Criminal Procedure Law § 720.20 (1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (*People v Rudolph*, 21 NY3d 497, 501 [2013]). Here, as the People correctly concede, the record does not demonstrate that the County Court considered whether the defendant, who was 18 years old at the time he committed the crime of assault in the first degree, a class B violent felony, should be treated as a youthful offender (*see id.* at 502-503; *People v Stevens*, 127 AD3d 791 [2015]; *People v Ojomo*, 126 AD3d 1011 [2015]; *People v Ramirez*, 115 AD3d 992, 993 [2014]; *People v Tyler*, 110 AD3d 745, 746 [2013]). Accordingly, the defendant's sentence must be reversed, and the matter remitted to the County Court, Rockland County, for resentencing after determining whether the defendant should be adjudicated a youthful offender. We express no opinion as to whether the County Court should afford youthful offender status to the defendant. Eng, P.J., Skelos, Austin, Roman and Duffy, JJ., concur.