■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY HENDRICKS, Appellant. [12 NYS3d 908]—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Camacho, J.), imposed January 28, 2014, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Skelos, Roman and Maltese, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HOLLOWAY, Appellant. [12 NYS3d 907]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Murphy, J.), imposed January 3, 2012, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Armstrong*, 127 AD3d 1100, 1101 [2015]) and, thus, does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Skelos, Austin, Roman and Duffy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY KNOTTS, Appellant. [12 NYS3d 899]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Cyrulnik, J.), imposed November 1, 2013, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Aragon*, 122 AD3d 871 [2014]; *People v Witherspoon*, 119 AD3d 879 [2014]; *People v Cruz*, 111 AD3d 651 [2013]). Eng, P.J., Skelos, Roman and Maltese, JJ., concur.