■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX AYENDE, Appellant. (Appeal No. 1.) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX AYENDE, Also Known as J, Appellant. (Appeal No. 2.) [19 NYS3d 178]—Appeals by the defendant from two judgments of the County Court, Dutchess County (Greller, J.), both rendered August 7, 2014, convicting him of criminal contempt in the first degree (two counts) under indictment No. 67/12, and robbery in the first degree under indictment No. 135/12, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are modified, on the law, by vacating the sentences imposed; as so modified, the judgments are affirmed, and the matter is remitted to the County Court, Dutchess County, for further proceedings consistent herewith.

Criminal Procedure Law § 720.20 (1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea bargain" (*People v Rudolph*, 21 NY3d 497, 501 [2013]). Here, as the People correctly concede, the record does not demonstrate that the County Court considered whether the defendant should be afforded youthful offender status (*see People v Spitzer*, 130 AD3d 657, 658 [2015]; *People v Joshua B.*, 126 AD3d 717, 718 [2015]; *People v Then*, 121 AD3d 1025, 1026 [2014]). Accordingly, the defendant's sentences must be vacated and the matter remitted to the County Court, Dutchess County, for resentencing after a determination as to whether the defendant should be afforded youthful offender status. We express no opinion as to whether the County Court should afford youthful offender status to the defendant.

The defendant's remaining contention has been rendered academic in light of our determination. Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.