■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC P., Appellant. [23 NYS3d 379]—

Appeals by the defendant from two judgments of the Supreme Court, Kings County (Gubbay, J.), both rendered March 28, 2013, convicting him of robbery in the second degree and petit larceny under indictment No. 9919/11 (Cyrulnik, J., at plea), and assault in the second degree under indictment No. 962/13 (Gubbay, J., at plea), upon his pleas of guilty, and imposing sentences.

Ordered that the judgment rendered under indictment No. 9919/11 is affirmed; and it is further,

Ordered that the judgment rendered under indictment No. 962/13 is modified, on the law, by vacating the sentence imposed; as so modified, the judgment rendered under indictment No. 962/13 is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

With regard to the judgment rendered under indictment No. 9919/11, the defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Knotts*, 130 AD3d 943 [2015]; *People v Aragon*, 122 AD3d 871 [2014]; *People v Witherspoon*, 119 AD3d 879 [2014]).

With regard to the judgment rendered under indictment No. 962/13, Criminal Procedure Law § 720.20 (1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (*People v Rudolph*, 21 NY3d 497, 501 [2013]). As relevant thereto, the Supreme Court stated that the defendant was not being afforded youthful offender status when it imposed sentence under indictment No. 962/13. The court did not place on the record any reason for not adjudicating the defendant a youthful offender, and there is nothing in the record to indicate that it independently considered youthful offender treatment instead of denying such treatment because it was not part of the plea agreement (*see People v T.E.*, 131 AD3d 1067, 1068 [2015]; *People v Stevens*, 127 AD3d 791 [2015]; *People v Then*, 121 AD3d 1025, 1026 [2014]). Accordingly, under these circumstances, we must vacate the sentence imposed under indictment No. 962/13, and remit the matter to the Supreme Court, Kings County, to determine whether the defendant should be afforded youthful offender treatment. In light of our determination, the defendant's remaining contention, that the sentence imposed under indictment No. 962/13 was excessive, has been

rendered academic. Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur.