■ The People of the State of New York, Respondent, v Shamel Youmans, Appellant. [33 NYS3d 744]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gubbay, J.), rendered March 4, 2013, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

Criminal Procedure Law § 720.20 (1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (*People v Rudolph*, 21 NY3d 497, 501 [2013]; *see People v Ayende*, 133 AD3d 771, 771 [2015]). Here, as the People correctly concede, the record does not demonstrate that the Supreme Court considered whether the defendant should be afforded youthful offender status. Under these circumstances, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment (*see People v Ayende*, 133 AD3d at 771; *People v T.E.*, 131 AD3d 1067, 1068 [2015]; *People v Stevens*, 127 AD3d 791, 792 [2015]; *People v Ojomo*, 126 AD3d 1011, 1011 [2015]). We express no opinion as to whether the Supreme Court should afford youthful offender treatment to the defendant. Rivera, J.P., Roman, Maltese and Duffy, JJ., concur.