■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLURABU HENRY, Appellant. [39 NYS3d 802]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Murphy, J.), rendered May 30, 2014, convicting him of burglary in the second degree and conspiracy in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

Criminal Procedure Law § 720.20 (1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (*People v Rudolph*, 21 NY3d 497, 501 [2013]). Here, as the People correctly concede, the record does not demonstrate that the Supreme Court considered whether the defendant should be afforded youthful offender status. Accordingly, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment (*see People v Youmans*, 140 AD3d 1097 [2016]; *People*

*v Eric P.*, 135 AD3d 882, 883 [2016]; *People v Worrell*, 134 AD3d 1137, 1138 [2015]; *People v Ayende*, 133 AD3d 771 [2015]; *People v T.E.*, 131 AD3d 1067, 1068 [2015]). Eng, P.J., Balkin, Hall and Barros, JJ., concur.