■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHAN CLARKE, Appellant. [40 NYS3d 790]—Appeal by the defendant from a judgment of the County Court, Westchester County (Warhit, J.), rendered March 3, 2015, convicting him of burglary in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Initially, the defendant's waiver of his right to appeal was invalid (see People v Fortier, 130 AD3d 642, 643 [2015]) and, in any event, does not bar his contention that the County Court failed to consider youthful offender treatment (see People v Dhillon, 143 AD3d 734 [2d Dept 2016]; People v Newman, 137 AD3d 1306, 1307 [2016]).

CPL 720.20 (1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501 [2013]; see People v Youmans, 140 AD3d 1097, 1097 [2016]). Here, however, the record reflects that the defendant previously had been adjudicated a youthful offender following two separate felony convictions, and had been convicted and sentenced for another felony. Accordingly, the defendant was not eligible to be considered for youthful offender treatment (see CPL 720.10 [2] [b], [c]; People v Raleigh, 121 AD3d 1412, 1413 [2014]).

The defendant's remaining contentions are without merit. Eng, P.J., Austin, Roman and Cohen, JJ., concur.