# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1004**

**KA 15-00646**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICKY GRACE, DEFENDANT-APPELLANT.

---

KATHRYN FRIEDMAN, BUFFALO, FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered November 26, 2014. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree (three counts), assault in the first degree (three counts), criminal use of a firearm in the first degree (three counts) and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that all of the sentences imposed shall run concurrently and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts each of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and criminal use of a firearm in the first degree (§ 265.09 [1] [a]), and one count of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]). Defendant was sentenced to a determinate term of 10 years of imprisonment for each count of attempted murder and assault, as well as a determinate term of five years of imprisonment for each count of criminal use of a firearm and for the count of criminal possession of a weapon. Supreme Court directed that the sentences on the three counts of criminal use of a firearm in the first degree were to run concurrently to each other and consecutively to all other sentences, which were to run concurrently to each other.

We note at the outset that the sentence imposed is illegal and thus the judgment must be modified accordingly. Although defendant has not raised this issue, his failure to do so "is of no moment, inasmuch as we cannot permit an illegal sentence to stand" (*People v Terry*, 90 AD3d 1571, 1572). "When more than one sentence of imprisonment is imposed on a person for two or more offenses committed

through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences . . . must run concurrently" (Penal Law § 70.25 [2]).  Here, we conclude that the crime of criminal use of a firearm in the first degree arose out of the same criminal transaction as its underlying violent felony, i.e., the crime of attempted murder in the second degree (see People v Abdullah, 298 AD2d 623, 624).  Therefore, we modify the judgment by directing that the sentences imposed on the three counts of criminal use of a firearm in the first degree shall run concurrently with all other sentences (see § 70.25 [2]; see generally People v Shorter, 6 AD3d 1204, 1205-1206, lv denied 3 NY3d 648).

Defendant failed to preserve for our review his contention that his sentence was a vindictive punishment for proceeding to trial (see People v Brown, 111 AD3d 1385, 1387, lv denied 22 NY3d 1155).  In any event, that contention has been rendered academic by our decision to run all sentences concurrently, which was promised as part of the plea negotiations (see generally People v Eric P., 135 AD3d 882, 883-884).  Defendant further contends that the court improperly refused to accept his plea when he attempted to plead guilty to the entire indictment.  Subject to exceptions not relevant here (see CPL 220.10 [5]), a defendant has a statutory right to plead guilty to the entire indictment (see CPL 220.10 [2]), but reversal is not required where, as here, the issue is academic (cf. People v Rosebeck, 109 AD2d 915, 916).  Here, defendant contends that he was prejudiced by this error (see e.g. People v Best, 132 AD2d 773, 775-776), due to an allegedly harsher sentence imposed after trial.  In light of our determination to modify defendant's sentence to what would have been imposed had he been allowed to accept the plea agreement, however, we conclude that the issue of prejudice, if any, flowing from the denial of defendant's right to plead guilty to the entire indictment has been rendered academic (see generally Eric P., 135 AD3d at 883-884).  Contrary to defendant's further contention, the sentence is not unduly harsh or severe.

In light of our determination to modify defendant's sentence to that contained in the plea agreement, defendant's contention that he was deprived of his right to effective assistance of counsel as a result of defense counsel's alleged failure to prepare him adequately for the plea colloquy has also been rendered academic (see generally People v Wood, 37 AD3d 283, 284, lv denied 8 NY3d 992).

Entered:  December 23, 2016                    Frances E. Cafarell
                                              Clerk of the Court