■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MILLER, Appellant. [45 NYS3d 809]—

Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Foley, J.), imposed May 28, 2013, upon his plea of guilty, on the ground that the sentence is excessive.

Ordered that the sentence is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

Criminal Procedure Law § 720.20 (1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (*People v Rudolph*, 21 NY3d 497, 501 [2013]; *see People v Youmans*, 140 AD3d 1097, 1097 [2016]). Here, as the People correctly concede, the record does not demonstrate that the Supreme Court considered whether the defendant should be afforded youthful offender status. Under these circumstances, the defendant's sentence must be reversed and the matter remitted to the Supreme Court, Kings County, for resentencing after a determination as

to whether the defendant should be afforded youthful offender treatment (*see People v Spitzer*, 130 AD3d 657, 658 [2015]; *People v Ramirez*, 115 AD3d 992, 993 [2014]; *see also People v Youmans*, 140 AD3d at 1097; *People v Mead*, 134 AD3d 960, 961 [2015]; *People v Calkins*, 119 AD3d 975, 976 [2014]). We express no opinion as to whether the Supreme Court should afford youthful offender treatment to the defendant. Eng, P.J., Austin, Roman, Maltese and Duffy, JJ., concur.