THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MINAYA, Appellant. [46 NYS3d 802]—

Appeals by the defendant from two judgments of the Supreme Court, Kings County (Murphy, J.), both rendered April 6, 2015, convicting him of robbery in the third degree under indictment No. 8015/13, and attempted murder in the second degree under indictment No. 8397/13, upon his pleas of guilty, and imposing sentence.

Ordered that the judgments are modified, on the law, by vacating the sentences imposed; as so modified, the judgments are affirmed, and the matters are remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The defendant's general waiver of his right to appeal was invalid. In any event, the defendant's contention that the Supreme Court failed to consider whether to afford him youthful offender treatment is not barred by a general waiver of the right to appeal (*see People v Clarke*, 144 AD3d 937 [2016]; *People v Stevens*, 127 AD3d 791, 791 [2015]).

Compliance with CPL 720.20 (1), providing that the sentencing court "must" determine whether an eligible defendant is to be treated as a youthful offender, "cannot be dispensed with, even where defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request" (*People v Rudolph*, 21 NY3d 497, 499 [2013]). Here, as the People correctly concede, the record does not demonstrate that the Supreme Court considered whether the defendant should be afforded youthful offender status. Accordingly, the defendant's sentences must be vacated and the matters remitted to the Supreme Court, Kings County, for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment (*see People v Henry*, 143 AD3d 1001 [2016]; *People v Youmans*, 140 AD3d 1097 [2016]; *People v Worrell*, 134 AD3d 1137, 1138 [2015]; *People v Ojomo*, 126 AD3d 1011 [2015]). Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.