— Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered October 15, 2009, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
 

 Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, West-chester County, for further proceedings consistent herewith.
 

 Criminal Procedure Law § 720.20 (1) requires “that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain” (People v Rudolph, 21 NY3d 497, 501 [2013]). Moreover, a claim that the Supreme Court failed to consider youthful offender treatment is not precluded by a general waiver of the right to appeal (see People v Newman, 137 AD3d 1306 [2016]; People v Pacheco, 110 AD3d 927 [2013]).
 

 Here, as the People correctly concede, the defendant was eligible for youthful offender treatment {see CPL 720.10 [2] [al-te]), and the record does not demonstrate that the Supreme Court considered whether the defendant should be afforded such treatment. Under these circumstances, the defendant’s sentence must be vacated and the matter remitted to the Supreme Court, Westchester County, for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment (see People v Dhillon, 143 AD3d 734 [2016]; People v Youmans, 140 AD3d 1097 [2016]). We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
 

 Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.