People v Thomas (2018 NY Slip Op 00175)





People v Thomas


2018 NY Slip Op 00175


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-05596
2016-05597

[*1]The People of the State of New York, respondent, 
v
John Thomas, appellant. (Ind. Nos. 4142/13, 6821/15)


Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel; Felix O. De Jesus on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Chun, J.), both rendered May 4, 2016, convicting him of sex trafficking under Indictment No. 4142/13, and attempted criminal possession of a weapon in the second degree under Indictment No. 6821/15, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgment rendered under Indictment No. 4142/13 is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,
ORDERED that the judgment rendered under Indictment No. 6821/15 is affirmed.
The defendant pleaded guilty under Kings County Indictment No. 4142/13 to sex trafficking (Penal Law § 230.34[2]) for acts he committed when he was 17 to 18 years old. He also pleaded guilty under Kings County Indictment No. 6821/15 to attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03[3]) for acts he committed when he was 22 years old. The Supreme Court sentenced him under both indictments on May 4, 2016. The defendant appeals from both judgments of conviction, contending that the court erred in failing to consider whether he should be treated as a youthful offender for his sex trafficking conviction (see People v Rudolph, 21 NY3d 497), and that the sentence imposed on his conviction of attempted criminal possession of a weapon in the second degree was excessive (see CPL 470.15[6][b]).
CPL 720.20(1) provides, in relevant part, that upon the conviction of an eligible youth, "at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender." Compliance with this statutory mandate requires that the sentencing court actually consider and make a determination of whether an eligible youth is entitled to youthful offender treatment, "even where [the] defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request" (People v Rudolph, 21 NY3d at 499; see People v T.E., 131 AD3d 1067, 1068; People v Dawkins, 131 AD3d 482, 483; People v Stevens, 127 AD3d 791, 792). The People correctly concede that the defendant was an eligible youth with respect to the sex trafficking conviction, and the record here does not demonstrate that, at the time of the sentencing, the Supreme Court considered whether the defendant should be afforded youthful offender treatment as required by CPL 720.20 (see People v Rudolph, 21 NY3d at 503; People v Henry, 143 AD3d 1001; People v T.E., 131 AD3d at 1068; People v Stevens, 127 AD3d [*2]at 792). Where, as here, the sentencing court failed to comply with CPL 720.20, this Court must vacate the sentence and remit the matter to the sentencing court for resentencing after determining whether the defendant should be treated as a youthful offender (see People v Henry, 143 AD3d 1001; People v Youmans, 140 AD3d 1097; People v Eric P., 135 AD3d 882, 883; People v Worrell, 134 AD3d 1137, 1138; People v Ayende, 133 AD3d 771; cf. CPL 470.15[2][c]; [4][c]). The People's reliance on People v Brooks (120 AD3d 1255) and People v Newman (137 AD3d 1306) for the proposition that the sentence need not be vacated is misplaced inasmuch as, in each of those cases, the sentence had been served by the time of the appeal and thus was not subject to vacatur. We also reject the People's contention that this appeal should be held in abeyance pending the court's determination of whether the defendant should be treated as a youthful offender. The defendant has raised no issue on appeal that is not fully decided herein, and thus there is nothing upon which to reserve decision.
Contrary to the People's contention, under the circumstances of this case, the defendant's purported waiver of the right to appeal does not preclude appellate review of his claim that the sentence imposed under Indictment No. 6821/15 was excessive. The plea colloquy fails to establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal the severity of his sentence (see People v Maracle, 19 NY3d 925, 927-928; People v Mitchell, 153 AD3d 939; see also People v Sanders, 25 NY3d 337, 340; People v Bradshaw, 18 NY3d 257, 264; People v Lopez, 6 NY3d 248, 256). However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
Accordingly, the defendant's sentence under Indictment No. 4142/13 must be vacated and the matter remitted to the Supreme Court, Kings County, for a determination of whether the defendant should be afforded youthful offender treatment, and thereupon, resentencing.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court