People v Hall (2018 NY Slip Op 02648)





People v Hall


2018 NY Slip Op 02648


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-12138
 (Ind. No. 5926/15)

[*1]The People of the State of New York, respondent,
v
Ray Hall, appellant.


Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel; Masha Simonova on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Betty J. Williams, J.), rendered October 27, 2016, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
CPL 720.20(1) provides, in relevant part, that upon the conviction of an eligible youth, "at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender." Compliance with this statutory mandate requires that the sentencing court actually consider and make a determination of whether an eligible youth is entitled to youthful offender treatment, "even where [the] defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request" (People v Rudolph, 21 NY3d 497, 499; see People v Thomas, 157 AD3d 723; People v T.E., 131 AD3d 1067, 1068; People v Dawkins, 131 AD3d 482, 483).
Here, as the People correctly concede, the defendant, who pleaded guilty to attempted assault in the first degree by means of a dangerous instrument, was a youth eligible to be found a youthful offender (see CPL 720.10[1], [2]), and the record does not demonstrate that the Supreme Court considered and determined whether the defendant should be afforded youthful offender status. Accordingly, the defendant's sentence must be vacated and the matter remitted to the Supreme [*2]Court, Kings County, for a determination of whether the defendant should be afforded youthful offender treatment, and, thereupon, resentencing (see People v Rudolph, 21 NY3d at 503; People v Thomas, 157 AD3d 723; People v Watson, 154 AD3d 976; People v Henry, 143 AD3d 1001; People v Youmans, 140 AD3d 1097; People v Eric P., 135 AD3d 882, 883).
MASTRO, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court