People v Foster (2018 NY Slip Op 04341)





People v Foster


2018 NY Slip Op 04341


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-00861
 (Ind. No. 5641/15)

[*1]The People of the State of New York, respondent,
v
Stephon Foster, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Marielle Burnett on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joseph E. Gubbay, J.), rendered January 4, 2016, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
CPL 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is an "eligible youth" (CPL 720.10[2]; see People v Rudolph, 21 NY3d 497, 501; People v Hall, 160 AD3d 896). Here, as the People correctly concede, even though the defendant was an eligible youth, the record does not demonstrate that the Supreme Court made such a determination. A determination as to whether to afford a defendant youthful offender treatment "must be explicit, even if it is apparent from the record of the sentencing proceeding that the court did not believe a defendant was entitled to youthful offender treatment" (People v Mead, 159 AD3d 1040, 1041). Accordingly, we must vacate the sentence imposed and remit the matter to the Supreme Court, Kings County, to determine whether the defendant should be adjudicated a youthful offender, and for resentencing thereafter (see People v Hall, 160 AD3d 896; People v Mead, 159 AD3d at 1041; People v Miller, 147 AD3d 783, 783-784).
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court