People v Taylor (2018 NY Slip Op 05207)





People v Taylor


2018 NY Slip Op 05207


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-11477
 (Ind. No. 2621/15)

[*1]The People of the State of New York, respondent,
v
Abanaya Taylor, appellant.


Paul Skip Laisure, New York, NY (Lauren E. Jones of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel; Ruby D. Andrade on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alan D. Marrus, J.), rendered September 26, 2016, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
Criminal Procedure Law § 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it (see People v Rudolph, 21 NY3d 497, 501). Here, as the People correctly concede, the defendant was eligible for youthful offender treatment (see CPL 720.10[2][a]-[c]), and the record does not demonstrate that the Supreme Court considered whether the defendant should be afforded such treatment. Moreover, to the extent that the defendant validly waived his right to appeal, such waiver does not preclude his contention that the court erred in failing to consider youthful offender treatment (see People v Rudolph, 21 NY3d 497; People v Tyler, 110 AD3d 745, 746).
Under these circumstances, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment (see People v Watson, 154 AD3d 976; People v Minaya, 147 AD3d 978). We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court