People v Alleyne (2019 NY Slip Op 00895)





People v Alleyne


2019 NY Slip Op 00895


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-06656
 (Ind. No. 5222/09)

[*1]The People of the State of New York, respondent,
v
David Alleyne, appellant.


Paul Skip Laisure, New York, NY (Nao Terai of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Victor Barall of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patricia DiMango, J.), rendered September 19, 2012, as amended November 25, 2014 (Raymond Guzman, J.), convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment, as amended, is modified, on the law, by vacating the sentence imposed; as so modified, the judgment, as amended, is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The defendant's purported waiver of his right to appeal was invalid (see People v Brown, 122 AD3d 133, 143-144). Although the defendant signed a written waiver, the Supreme Court provided the defendant with no explanation as to the nature of the right to appeal and the consequences of waiving it (id. at 139), nor did the court ask the defendant whether he read the waiver form before signing it (id. at 142). Moreover, the court conflated the trial rights the defendant waived automatically by pleading guilty with the right to appeal (see People v Pelaez, 100 AD3d 803, 803). In any event, the defendant's contention that the court failed to consider whether to afford him youthful offender treatment would not have been barred by the defendant's general waiver of the right to appeal (see People v Minaya, 147 AD3d 978, 979; People v Clarke, 144 AD3d 937).
CPL 720.20(1) requires that the sentencing court "must" determine whether an eligible defendant is to be treated as a youthful offender, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain (People v Rudolph, 21 NY3d 497, 501). Here, as the People correctly concede, the record fails to demonstrate that the Supreme Court considered the defendant's eligibility for youthful offender status (see People v Rivera, 27 AD3d 491, 491; People v Martinez, 301 AD2d 615, 616). Accordingly, under these circumstances, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment (see People v Minaya, 147 AD3d at 979; People v Henry, 143 AD3d 1001, 1001).
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court