People v Rodriguez (2019 NY Slip Op 03999)





People v Rodriguez


2019 NY Slip Op 03999


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2013-03107
2013-08186

[*1]The People of the State of New York, respondent,
v
Joseph Rodriguez, appellant. (Ind. Nos. 9174/11, 9238/11)


Paul Skip Laisure, New York, NY (Jonathan Garelick of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, Arieh Schulman, Victor Barall, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Sheryl L. Parker, J.), both rendered October 2, 2012, convicting him of attempted murder in the second degree under Indictment No. 9174/11, upon his plea of guilty, and attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree (two counts) under Indictment No. 9238/11, upon a jury verdict, and imposing sentences. The appeal from the judgment rendered under Indictment No. 9238/11 brings up for review the denial, after a hearing (James P. Sullivan, J.), of that branch of the defendant's omnibus motion under that indictment number which was to suppress his statements to law enforcement officials.
ORDERED that the judgment rendered under Indictment No. 9174/11 is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,
ORDERED that the judgment rendered under Indictment No. 9238/11 is affirmed.
Criminal Procedure Law 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea bargain (see People v Rudolph, 21 NY3d 497, 501). Here, as the People correctly concede, the defendant was eligible for youthful offender treatment (see CPL 720.10[2][a]-[c]) with regard to the judgment rendered under Indictment No. 9174/11, and the record does not demonstrate that the Supreme Court considered whether the defendant should be afforded such treatment. Accordingly, the sentence imposed under Indictment No. 9174/11 must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment (see People v Watson, 154 AD3d 976; People v Minaya, 147 AD3d 978). We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
With regard to the judgment rendered under Indictment No. 9238/11, the defendant's [*2]contention that, after he was advised of, and waived, his Miranda rights (see Miranda v Arizona, 384 US 436), additional warnings were necessary before he was questioned 11 hours later about another crime, is without merit as he remained in continuous custody and the length of time was not unreasonable (see People v Harris, 133 AD3d 880; People v Pegues, 59 AD3d 570; People v Petronio, 34 AD3d 602, 604; People v James, 271 AD2d 456; People v Lopez, 116 AD2d 592; People v Glinsman, 107 AD2d 710).
The defendant failed to preserve for appellate review his contention that a detective who was not a witness to the crimes in question was improperly permitted to identify the defendant as the individual with a gun depicted in a surveillance video (see CPL 470.05[2]; People v Jackson, 151 AD3d 746, 746-747; People v Watson, 121 AD3d 921, 922). After the Supreme Court sustained the defendant's objection to the testimony, he did not move to strike the testimony, seek additional instructions, or move for a mistrial. Thus, the court's limiting instruction "must be deemed to have corrected [any] error to the defendant's satisfaction" (People v Heide, 84 NY2d 943, 944; see People v Anselmo, 164 AD3d 1462; People v Seabrooks, 82 AD3d 1130, 1131-1132). In any event, any error in the admission of this testimony was harmless. Even without the challenged testimony there was overwhelming evidence of the defendant's guilt, including the defendant's oral and written statements identifying himself on the video and confessing to the crimes. Moreover, given the limiting instruction provided by the court, there was no significant probability that the error, if any, might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242).
Contrary to the contention raised in the defendant's pro se supplemental brief, the Supreme Court properly granted the People's reverse-Batson application (see Batson v Kentucky, 476 US 79) with respect to two prospective jurors (see People v Bell, 126 AD3d 718, 720; People v Pinto, 56 AD3d 494, 494-495). The court's determination that the facially race-neutral reasons given by the defendant for his peremptory challenges to those jurors were pretextual is entitled to great deference on appeal and will not be disturbed where, as here, the determination is supported by the record (see People v Santos, 150 AD3d 1270, 1271; People v Occhione, 94 AD3d 1021, 1022; People v Fogel, 73 AD3d 803, 803-804).
In light of our determination, we need not address the defendant's contention that it was unduly harsh to direct that the concurrent sentences imposed upon the convictions under Indictment No. 9238/11 run consecutive to the sentence imposed upon the conviction under Indictment No. 9174/11. The sentence imposed upon the convictions under Indictment No. 9238/11 was not otherwise excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court