People v Kostyk (2020 NY Slip Op 04582)





People v Kostyk


2020 NY Slip Op 04582


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2014-06843 
2014-06844
 (Ind. No. 10635/12)

[*1]The People of the State of New York, respondent,
v
Roman Kostyk, appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Matthew J. D'Emic, J.), both rendered August 8, 2013, convicting him of burglary in the second degree and criminal trespass in the second degree under Indictment No. 07935/2012 and burglary in the second degree and criminal trespass in the second degree under Indictment No. 10635/2012, upon his pleas of guilty, and imposing sentences. By decision and order dated March 20, 2019, this Court remitted the matter to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his pleas of guilty, and thereafter for the submission of a report by the Supreme Court on any such motion, and the appeals were held in abeyance in the interim (see People v Kostyk, 170 AD3d 1042). The Supreme Court has filed its report.
ORDERED that the judgments are modified, on the law, by vacating the sentences imposed; as so modified, the judgments are affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
In a decision and order dated March 20, 2019, this Court remitted the matter to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his pleas of guilty based on the failure of the Supreme Court to advise the defendant of the possibility of deportation as a consequence of his pleas (see People v Kostyk, 170 AD3d 1042).
Upon remittitur, the defendant moved to vacate his pleas of guilty. A hearing on the motion was scheduled. However, prior to the hearing being held, the defendant's counsel informed the Supreme Court of the defendant's intention to withdraw the motion. In a report to this Court dated February 24, 2020, the Supreme Court noted that the defendant's motion had been withdrawn, and that there was no further action to be taken.
Since the defendant has withdrawn his motion to vacate his pleas of guilty, there is no basis to vacate the pleas and to reverse the judgments of conviction based on the Supreme Court's failure to advise the defendant of the possibility of deportation as a consequence of his pleas.
CPL 720.20(1) provides, in relevant part, that upon the conviction of an eligible [*2]youth, "at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender" (see People v Rudolph, 21 NY3d 497, 499; People v Hall, 160 AD3d 896, 896; People v Thomas, 157 AD3d 723, 724). Here, as the People concede, even though the defendant was an eligible youth, the record does not demonstrate that at the time of sentencing, the Supreme Court considered and determined whether the defendant should be treated as a youthful offender (see People v Hall, 160 AD3d at 897; People v Thomas, 157 AD3d at 724-725; People v Watson, 154 AD3d 976, 976). Accordingly, we must vacate the sentences imposed and remit the matter to the Supreme Court, Kings County, for a determination of whether the defendant should be afforded youthful offender treatment, and thereupon, resentencing (see People v Hall, 160 AD3d at 897; People v Thomas, 157 AD3d at 724-725; People v Watson, 154 AD3d at 976).
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court