■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAFONE ELEY, Appellant. [5 NYS3d 437]—

Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered January 17, 2013, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a term of one year, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.

Defendant is entitled to resentencing pursuant to *People v*

*Rudolph* (21 NY3d 497 [2013]) for a youthful offender determination on his conviction of criminal possession of a weapon in the third degree. A statement made by the court during the plea proceeding does not obviate the need for resentencing, since the court "did not make the requisite explicit determination on the record at sentencing" (*People v Basono*, 122 AD3d 553, 553 [1st Dept 2014]; *see* CPL 720.20 [1]). Although the court stated that defendant would receive youthful offender treatment on another charge (contained in an indictment that is not part of this appeal) to which he pleaded guilty on the same day "and only that" count, the court failed to clarify expressly whether it had "actually consider[ed] youthful offender treatment" or whether it had improperly "ruled it out on the ground that it had been waived as part of defendant's negotiated plea" (*People v Malcolm*, 118 AD3d 447, 447 [1st Dept 2014]). Concur—Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ.