■ In the Matter of New York City Asbestos Litigation. Mary Andrucki et al., Respondents, v Aluminum Company of America (ALCOA) et al., Defendants, and Port Authority of New York and New Jersey, Appellant. [22 NYS3d 822]—An appeal having been taken to this Court by the above-named appellant from an order of the Supreme Court, New York County (Martin Shulman, J.), entered on or about June 15, 2015, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, and upon the stipulation of the parties hereto dated December 11, 2015, it is unanimously ordered that said appeal be and the same is hereby withdrawn in accordance with the terms of the aforesaid stipulation. Concur—Tom, J.P., Renwick, Saxe and Kapnick, JJ.

■ The People of the State of New York, Respondent, v Oscar Punter, Appellant. [21 NYS3d 876]—

Judgments, Supreme Court, Bronx County (Ann M. Donnelly, J.), rendered September 20, 2012, convicting defendant, upon his pleas of guilty, of robbery in the first degree and assault in the second degree, adjudicating him a youthful offender on the robbery conviction and sentencing him to a term of 1 to 3 years, and sentencing him to a consecutive term of two years on the assault conviction, unanimously modified, on the law, to the extent of vacating the sentence on the assault conviction and remanding for a youthful offender determination on that conviction, and otherwise affirmed.

Defendant is entitled to a youthful offender determination pursuant to *People v Rudolph* (21 NY3d 497 [2013]) on his assault conviction. Although the court stated that defendant would receive youthful offender treatment on the robbery charge, to which he pleaded guilty on the same day, it did not specify with regard to the assault count whether it had "actually consider[ed] youthful offender treatment or whether it had improperly ruled it out on the ground that it had been waived as part of defendant's negotiated plea" (*People v Eley*, 127 AD3d 583, 584 [1st Dept 2015] [internal quotation marks omitted]). Concur—Friedman, J.P., Sweeny, Saxe and Kapnick, JJ.