People v Banister (2018 NY Slip Op 01261)





People v Banister


2018 NY Slip Op 01261


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Friedman, J.P., Sweeny, Kahn, Singh, Moulton, JJ.


5797A 5380/12 337/13 5797

[*1] The People of the State of New York, Respondent,
v
Novashawn Banister, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Laura Boyd of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Katherine Kulkarni of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered May 8, 2013, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of one year, unanimously modified, on the law, to the extent of vacating the sentence and remanding for a youthful offender determination, and otherwise affirmed. Judgment, same court, Justice and date, rendered May 8, 2013, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him to a concurrent term of 10 months, unanimously affirmed.
The record establishes that, as to defendant's possession conviction, the court made an explicit determination that it would not grant youthful offender treatment. Although the court had initially promised defendant probation and youthful offender treatment in exchange for his plea on the possession case, he was arrested less than two weeks later on the case resulting in the sale conviction also on appeal. The court properly reviewed the presentence report and expressly denied YO treatment on the possession conviction. Defendant did not preserve his claim that the failure to impose the promised sentence was error because the plea did not include a no-arrest condition, and we decline to review this claim in the interest of justice. In any event, that claim would not entitle defendant to YO treatment.
However, while, as the People maintain, the court clearly meant to deny YO treatment on the sale conviction as well, its failure to make that determination explicitly on the record requires a remand (see People v Rudolph, 21 NY3d 497 [2013]; People v Eley, 127 AD3d 583 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK