People v J.G. (2024 NY Slip Op 01520)

People v J.G.

2024 NY Slip Op 01520

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Singh, J.P., González, Scarpulla, Higgitt, Rosado, JJ. 

Ind. No. 2074/16, 3801/16, 583/17 Dkt Nos. 2016BX044827, 2016BX053007 Appeal No. 1861-1861A Case No. 2018-1962 

[*1]The People of the State of New York, Respondent,
v
J.G., Appellant.

Twyla Carter, The Legal Aid Society, New York (Laura Boyd of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Elliott R. Hamilton of counsel), for respondent.

Judgments, Supreme Court, Bronx County (Margaret Martin and Ethan Greenberg, JJ., at pleas; Ethan Greenberg, J., at sentencing), rendered July 18, 2017, convicting defendant of robbery in the second degree, obstructing governmental administration in the second degree (two counts), promoting prison contraband in the second degree, and attempted criminal sale of a controlled substance in the third degree, adjudicating him a youthful offender on the robbery and both obstructing governmental administration convictions, and sentencing him to a term of one year on the robbery count, to run consecutively to concurrent terms of six months on each of the obstructing governmental administration counts, one year on the promoting prison contraband count, and one year on the attempted criminal sale of a controlled substance count, unanimously modified, on the law, to the extent of vacating the sentences on the promoting prison contraband and attempted criminal sale of a controlled substance convictions, remanding for youthful offender determinations on those convictions, and amending the sentence and commitment sheet for Indictment No. 583/17 to reflect that defendant was convicted of attempted criminal sale of a controlled substance in the third degree rather than criminal sale of a controlled substance in the third degree, and, as a matter of discretion in the interest of justice, to the extent of vacating the surcharges and fees imposed at sentencing, and otherwise affirmed.
Although the court stated at sentencing that it would not grant defendant youthful offender status with regard to Indictment Nos. 3801/16 and 583/17, "there is nothing in the record to indicate that it actually independently considered youthful offender treatment," as required by CPL 720.20(1) and People v Rudolph (21 NY3d 497 [2013]), "instead of denying such treatment because it was not part of the plea agreement" (People v T.E., 131 AD3d 1067, 1068 [2d Dept 2015]). While a court need not set forth its reasons for denying youthful offender treatment (see People v Minemier, 29 NY3d 414, 418-421 [2017]), it is still required to "clarify expressly whether it had 'actually consider[ed] youthful offender treatment' or whether it had improperly 'ruled it out on the ground that it had been waived as part of defendant's negotiated plea'" (People v Eley, 127 AD3d 583, 584 [1st Dept 2015], quoting People v Malcolm, 118 AD3d 447, 447 [1st Dept 2014]; see also People v Punter, 135 AD3d 409, 409 [1st Dept 2016]). Because the court did not satisfy this obligation, we remand the matter for a determination of whether defendant should be afforded youthful offender treatment as to the promoting prison contraband and attempted criminal sale of a controlled substance convictions.
The People do not dispute that the sentence and commitment sheet for Indictment No. 583/17 incorrectly reflects that defendant was convicted of criminal sale of a controlled substance in the third degree and should be amended [*2]to reflect that he was convicted of attempted criminal sale of a controlled substance in the third degree.
Based on our own interest of justice powers, we vacate the surcharges and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024